May it please the Court, I'm Robert Burke, the Office of the State Appellate Defender. I represent the defendant appellant Kevin Simmers. We're asking this court to reduce the sentence from a 5-3 sentence to the maximum of 3-3. That's correct, Your Honor. There was a guilty plea hearing at the guilty plea hearing, at least on the first day of the dispute, on how you define what a hearing is. But the facts on there are fairly clear. Before he pleaded guilty, he was not told that he faced extended term. When it came time to sentence him, he was told that. But the statute in question says that the plea had to be entered with the defendant's knowledge. Furthermore, the statute in question, this is 730 ILCS 5-5-8-2, subparagraph B. It's two sentences. The first says it has to be entered with his knowledge. The second sentence says that then you can't do that unless he's given the opportunity to withdraw his plea without prejudice. The state points out in their brief that the court at that time said, now, you can withdraw your plea if I deny your motion, then you have 30 days to file a notice of appeal. It gave him his rights under 605. However, the statute says different. The statute says you get to withdraw it without prejudice. There's no discretion. There's no if I rule against you, there is, you want out of that plea, you get out of that plea. And he was not told that. And then they revoked his probation and sentenced him again. So the state says it's a jurisdictional question. The jurisdictional question according to the state is can you attack this sentence, this statute, after your probation is revoked and your sentence is imposed. All the cases that we talk about, both parties in the briefs, they do do that. Eisenberg, Taylor, Cavins, Jones I believe is the last one I cited. In every case, they do allow them to do that. I think the only jurisdictional question here is the jurisdiction of the court below on subject matter jurisdiction. Because on subject matter jurisdiction, not only is it of the crime, but it is of the punishment. And the court did not have the jurisdiction to impose an extended term sentence. Three years was the maximum. If he gets a three year sentence, then he should have been out in December. And that's why I appreciate the court allowing us to have an accelerated docket on this. Thank you, Your Honors. Your Honors, counsel, may it please the court, Kelly Stacey appearing on behalf of the people. The only jurisdictional step for initiating appellate review is the timely filing of the notice of appeal. But if there is no properly filed notice of appeal, the reviewing court lacks jurisdiction and must dismiss the appeal. This is where the defendant finds himself in this case due to his decision to repudiate and withdraw the original and reply briefs in this case. His appeal must be dismissed for lack of jurisdiction. Authority for that is found in people versus Patrick and people versus Smith, both Illinois Supreme Court cases, both cited in the state supplemental brief. The notice of appeal at issue here is the appeal of the August 24, 2011, trial court order denying defendant's motion to reduce sentence after his probation was revoked. The defendant's original and reply briefs concern the propriety of the trial court's denial of the motion to reduce sentence after probation was revoked. Issues raised in those briefs were properly before this court. The defendant's supplemental brief, however, and his supplemental reply brief concerns the fully negotiated plea and sentence that hearing began on June 19, 2009 and concluded on November 23, 2009. It's undisputed that no appeal was taken of that judgment. Did the trial judge at that time say it was one to six years? Yes, he certainly did, Your Honor, and it is of record. The only notice of appeal in this case is insufficient to confer jurisdiction on the issues raised in the supplemental and the supplemental reply brief, and the defendant cannot bootstrap the earlier negotiated guilty plea proceeding, which he failed to appeal, onto this notice of appeal. Even if this court concludes it does have jurisdiction, the defendant's appeal still must be dismissed for failure to comply with the 604 demotion requirement for a fully negotiated guilty plea. In the Illinois Supreme Court cases of Evans, Diaz, and Linder, the Illinois Supreme Court has consistently held that a sentencing concession on the part of the state requires the defendant to move to withdraw his guilty plea and vacate the judgment, and absent this, the defendant's appeal must be dismissed. This court held in People v. DeRosa, defendant's failure to file a 604 demotion generally precludes this court from reaching the merits of the defendant's appeal. Evans, Diaz, and Linder applied this case because the state made a sentencing concession below. In exchange for the defendant's guilty plea, the state agreed to 24 months of probation, and the parties both agreed to that imposition of the sentence on the charge of aggravated DUI. The defendant was properly admonished that if he wanted to appeal, he first had to file a written motion in trial court within 30 days, asking to have the judgment vacated and relieved to withdraw his guilty plea. He was told any claim of error not raised would be deemed waived by the appellate court, by this court. This court should not excuse the fact that the defendant waived the claims of error he has now raised in his supplemental briefs by failing to include them in a 604 demotion which was never filed at all. Even if the defendant has not waived his current claims of error, this court should still find no merit to any of his claims. The defendant cites People v. Eisenberg and People v. Taylor for his argument that this court should strike the extended term portion of his sentence. Both cases are distinguishable. In People v. Eisenberg, at the time of the defendant's original sentencing, the parties did not know the defendant was eligible for extended term sentencing because of his prior record. Consequently, the defendant was never admonished until his probation was revoked that he was subject to extended term sentencing. That's not what happened in this case. In People v. Taylor, it was not discovered that the defendant was extended term eligible due to the prior record. And at the guilty plea hearing where the court imposed the agreed 30 months probation, the court only admonished the defendant that if he was extended term eligible, he could be sentenced from one to six years rather than one to three years for the class 4 felony. The appellate court found in that case that for an extended term sentence to be imposed on a guilty plea, I'll read the quote, it shall appear on the record that the plea was answered with defendant's knowledge that an extended term sentence was a possibility. Absent such an admonition, an extended term sentence cannot be imposed. Here, the admonition appears of record. The Johns case also cited by the defendant in his supplemental reply brief is distinguishable because the court there sentenced the defendant to one year more than he was told he could receive. Here, the defendant got one year less. Appellate counsel argues that because the guilty plea proceeding and the agreed sentencing occurred on two different dates, it means he was not properly advised at the time the guilty plea was entered that he was subject to extended term sentencing. There are several very good reasons why this court should reject that argument. And the first of those is under principles of contract law that apply to this case due to the state sentencing concession on a fully negotiated plea, the guilty plea and sentence go hand in hand as material elements of the plea bargain. Second, the defendant failed to file a 604D motion, even though the trial court advised him he needed to file a 604D motion for way many claims presented. Third, the court informed the defendant it did not have to accept the party's agreement and he could be sentenced up to six years in prison. The defendant indicated he understood that. He indicated it was still his desire to enter the negotiated sentence, that nobody promised or threatened him anything, and that he was doing all of this with the full advice of counsel. Fourth, defense counsel told the court the defendant was subject to extended term sentencing, the defendant's prior record was stipulated to, and the defendant never expressed any confusion or concern or any disapproval when the stipulation was discussed. All of this was at the time of the guilty plea and negotiated sentence, not at a petition to revoke probation. Not even after the petition to revoke probation was filed. Fifth, any impropriety in the trial court holding the guilty plea hearing and the sentencing part of the hearing on two different dates was invited by the defendant, and he cannot now come to this court and claim he was there for the trial court to do that. The defendant agreed to set the negotiated sentencing over until he obtained an alcohol evaluation. This is not uncommon. Alcohol evaluations are mandatory in cases where a defendant has a DUI charge. The parties intended for the defendant to obtain a drug and alcohol evaluation. He was let out of jail specifically for that purpose, and when he went to go get his drug and alcohol evaluation, he didn't take the proper verification with him. The DUI evaluation place sent a letter to the circuit clerk saying, we're not going to be able to get to this probably until September or October at the earliest. So any delay here is because of the defendant's failure to obtain the DUI evaluation in a timely manner. In addition, the state agreed to dismiss pending traffic charges when the defendant obtained and presented his DUI evaluation, and that was done in this case. For the defendant to now come in here and argue that the evaluation was not mandatory simply ignores the record in this case. He induced the very delay of which he now complains. The people urged this court to find it lacks jurisdiction over the defendant's appeal because the notice of appeal filed in this case concerns only the trial court's denial of the motion to reduce his sentence after probation was revoked. The defendant affirmatively withdrew and repudiated the original and reply briefs, and the jurisdictional problem is of his own making. If this court finds it does have jurisdiction, however, it should still dismiss the appeal for failure of the defendant to file the required 604D motion. Finally, even on the merits, relief cannot obtain because defendant was admonished at the time of the negotiated plea proceeding that he was subject to extended term sentencing due to his prior record. Any delay in the imposition of the agreed 24 months probation is attributable to him. Thank you, Your Honor. Counsel? Thank you, Your Honor. First of all, the state now argues that it's mandatory to get an alcohol evaluation. On page 12 in their brief, they say that the Supreme Court and Baker rule that it is not mandatory. I'm going to go with Baker. The state has argued against the first sentence of the statute. They have not argued against the second sentence of the statute where the court has to say, you want out of this plea? You're out of this plea. We're not asking for the court to let him out of the plea. We're asking the court to enforce the plea. Here's a good example. If his probation had been revoked and he had come in and the court had said, I'm sentencing you to death, he would not have to file a motion without a disguilty plea. He could say, whoa, whoa, whoa, you can't sentence me to death. You can't do that. That's beyond your authority. Well, here, under the statute, extended term was beyond his authority. That's why we're asking you to be reduced to three years. One other thing, Your Honor. When I get done talking, the court's going to say we're in adjournment. We'll reconvene tomorrow morning. Earlier we had a recess. Recess is one day, part of one day. If you're going to do it overnight, you're in adjournment, and then you reconvene. After this guilty plea, they're without adjournment, and then they reconvene four months later. Thank you, Your Honors. See you tomorrow.